**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4530**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREY NORRELL MCLAUGHLIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:17-cr-00454-NCT-1)

Submitted:  March 13, 2019                              Decided:  March 28, 2019

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Whitney N. Shaffer, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrey Norrell McLaughlin appeals the denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal and his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, McLaughlin challenges only the sufficiency of the evidence supporting his conviction. For the reasons that follow, we affirm.

"We review de novo a district court's denial of a Rule 29 motion." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "We must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *Id.* "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

The undisputed evidence established that, during an attempted traffic stop, McLaughlin fled from police on foot. While one officer ran after him, someone fired several shots from a handgun. McLaughlin denied firing a gun and instead insisted that, as he ran from police, a person in a nearby crowd started shooting. However, the passenger in McLaughlin's car testified that McLaughlin brandished a firearm immediately before exiting the vehicle. In addition, McLaughlin's girlfriend stated that McLaughlin admitted firing his gun that night, and McLaughlin's brother testified that McLaughlin confessed to shooting his gun to evade police.

Given that three different witnesses placed a gun in McLaughlin's hands on the night of the shooting, we conclude that the Government produced sufficient evidence to

sustain the jury's guilty verdict. While McLaughlin urges us to accept his version of the events, "[w]e . . . must assume the jury resolved all contradictions in testimony in the government's favor." *Id.* Thus, we must infer that the jury discredited McLaughlin's account—a matter he cannot relitigate on appeal. Similarly, we reject McLaughlin's suggestion that, because his brother and girlfriend cooperated with the Government in the hope of receiving favorable treatment on pending or potential criminal charges, their testimony was necessarily incredible. *See United States v. Zelaya*, 908 F.3d 920, 926 (4th Cir. 2018) (rejecting credibility challenge based on witnesses' cooperation), *cert. denied*, __ S. Ct. __, No. 18-6948, 2019 WL 113515 (U.S. Jan. 7, 2019); *see also United States v. Palin*, 874 F.3d 418, 424 (4th Cir. 2017) (stating that credibility determinations are sole province of jury), *cert. denied*, 138 S. Ct. 1451 (2018), *and cert. denied*, 138 S. Ct. 1605 (2018).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*